IN THE CIRCUIT COURT FOR
BALTIMORE CITY, MARYLAND

JAMES SANDERS
3006 Glen Avenue
Baltimore, Maryland 21215

    Plaintiff

    24-C-22-004031

v.

NORTHWEST CITIZENS PATROL, INC.
P.O. BOX 15126
Baltimore, Maryland 21282

    <u>Serve On</u>:
    HARRIS WHITE
    6102 Biltmore Avenue
    Baltimore, Maryland 21215
    Resident Agent

    Defendant                                             Case No.:

## COMPLAINT AND PRAYER FOR A JURY TRIAL

Plaintiff, James Sanders, by undersigned counsel, makes this complaint and prayer for a jury trial against his former employer, Northwest Citizens Patrol, Inc. (NWCP).

## INTRODUCTORY STATEMENT

1. Plaintiff is seeking redress of the following wrong. The discriminatory treatment of Plaintiff James Sanders by Defendant, NWCP on the basis of Plaintiff's race in

1

violation of the Civil Rights Act of 1866, as amended by the Civil Rights Act of 1991, both codified at 42 U.S.C. Section 1981.

## VENUE

2. Venue is premised on the occurrence within Baltimore City, Maryland, of all acts and omissions complained of herein, and on the basis of where Plaintiff performed the duties of his employment.

## PARTIES

3. Plaintiff James Sanders is a competent adult and a Black, male, native-born citizen of the United States of America.

4. Defendant, Northwest Citizen Patrol, Inc. (NWCP) is a nonprofit organization in Baltimore, Maryland incorporated in Maryland.

5. The Project Resource Branch, under a federal grant awarded NWCP, is responsible for aiding victims of crime through the process of recovery, preparing victims for court, attending court proceedings with victims, and following up with victims of crime by petitioning the court to keep dangerous criminals in jail without the chance of parole.

## STATEMENT OF FACTS WITH RESPECT TO PLAINTIFF JAMES SANDERS COMMON TO ALL COUNTS

6. Plaintiff James Sanders was employed by NWCP beginning in February 2017 when he was hired under a federal grant awarded to NWCP.

7. Mr. Sanders was an independent contractor who received a 1099Misc each year through 2020.

8. Mr. Sanders was supervised in his duties by Neil Schachter, President, NWCP.

9. Mr. Sanders was hired as a victim's services representative to serve under the Project Resource Branch.

10. His duties included aiding victims of crime through the process of recovery, preparing victims for court, attending court proceedings with victims, and following up with victims of crime by petitioning the court to keep dangerous criminals in jail without the chance of parole.

11. Mr. Sanders was hired to aid victims of crime specifically in the 5th District of Baltimore City. He worked with the citizens of Baltimore City regardless of race, color, or national origin.

12. Neighborhoods within the fifth district are as follows.

Arlington
Brighton
Cheswolde
Cross Country
Fallstaff
Glen
Grove Park
Hilltop
Howard Park
Mt. Washington
North Roland Park
Pimlico
Poplar Hill
Reisterstown Plaza/ Reisterstown Rd Station:

City Line/ Park Heights Ave/Wabash Ave
Sabina-Mattfeldt
Seton Business Park
Washingtonville
Woodmere.

13. The 5th District communities comprise of racially diverse neighborhoods.

14. In all the time Mr. Sanders was employed by NWCP, Mr. Schachter never instructed Mr. Sanders to assist only citizens of the African American race.

15. Mr. Sanders' work consisted of driving around the areas in the 5th District looking for victims to work with. He made rounds in the communities each week, and he handed out flyers. He drove around the communities of Park heights, Northern Parkway, Key Avenue, Cross Country, Fallstaff Avenue, Taney Road, Reisterstown Road, Clarks Lane, Cheswolde Avenue and Slade Avenue to observe possible criminal activity and to communicate with residents of all races of those communities.

16. Mr. Sanders reported suspicious activity to the Northwest Police Department.

17. He provided quarterly reports of his work to Mr. Schachter, In all of the reports he included an explanation of how many victims he served and what he did to find them.

18. Mr. Sanders provided Mr. Schachter with reports of the community meetings he attended each month as NWCP representative, such as Fallstaff Improvement Association, Cross Country Improvement Association and Glen Neighborhood Improvement Association.

19. Mr. Schachter accepted every report Mr. Sanders provided to him through 2020 without qualification.

20. Mr. Sanders ascertains that he never received negative feedback concerning his work performance in all the time he worked for NWCP.

21. At no time did Mr. Sanders shirk his duties as a victim's services representative for NWCP.

22. On January 11, 2022, Mr. Sanders received a letter from Mr. Schachter informing him that NWCP has enjoyed having Mr. Sanders as a team member over the years, and that NWCP would be reconfiguring its staff team to realize the "new directions in pursuit of (its) goals."

23. Mr. Schachter enclosed a check in the amount of $625.00 to cover the first two weeks of January 2022 salary to Mr. Sanders. Later, the Board allowed Mr. Schachter to pay Mr. Sanders an additional $625.00 for the remainder of January.

24. Upon receipt of the January 11, 2022, termination letter, Mr. Sanders telephoned Mr. Schachter to ask if he was personally terminating Mr. Sanders' services, to which Mr. Schachter replied, "yes."

25. Mr. Sanders asked Mr., Schachter to reconsider his decision and allow Mr. Sanders to follow his plan of action for 2022, but Mr. Schachter said that he would not reconsider.

26. In this telephone conversation, Mr. Schachter stated to Mr. Sanders that Mr. Sanders was specifically hired to find "only" African American victims, and that

Mr. Schachter was now going to be substantially fulfilling his requirements to service victims in the Jewish communities.

27. It was then that Mr. Sanders realized he had been hired and fired for an intentional discriminatory reason, because he is African American.

28. It was then that Mr. Sanders realized that his race, Black or African American, was an important factor in his employment relationship with Mr. Schachter.

29. Mr. Sanders realized that from the outset, he had been hired to fulfill a racially discriminatory practice adopted by NWCP and was fired for the same reason.

30. Mr. Sanders filed a charge of discrimination with the EEOC.

31. His charge was dismissed by the EEOC on March 14, 2022, because the respondent employer, NWCP, has less that the required number of employees or is not covered by the laws enforced by EEOC. Mr. Sanders was issued a notice and right to sue letter. Cases brought under 42 U.S.C. Section 1981, however, do not require a Plaintiff to have exhausted his administrative remedy.

## CAUSES OF ACTION

### COUNT I

[Plaintiff James Sanders sues Defendant Northwest Citizens Patrol, Inc. pursuant to 42 U.S.C. Section 1981 for discrimination on the basis of race.]

32. The facts alleged above are incorporated by reference.

33. These factors determine that racial discrimination against Mr. Sanders on the part of NWCP has occurred, pursuant to 42 U.S.C. Section 1981 as follows.

   A. Neil Schachter characterize Mr. Sanders as belonging to a separate race, Black or African American when he stated that Mr. Sanders was specifically hired to find and service "only" African American victims of crime in the district serviced by NWCP.

   B. Mr. Sanders is considered non-white.

   C. Mr. Sanders belongs to a race that has historically been the subject of systemic racism, discrimination, and mistreatment.

   D. Mr. Sanders is claiming discrimination based on characteristics that are commonly associated with people of his same race, Black or African American.

34. When Mr. Schachter terminated Mr. Sanders and stated that Mr. Sanders was specifically hired to find and service "only" African American victims, and further stated that Mr. Schachter was now going to be substantially fulfilling his requirements to service victims in the Jewish communities, Mr. Schachter intentionally terminated Mr. Sanders on the basis of his race.

35. Mr. Schachter both hired and fired Mr. Sanders on the basis of his race, which is a racially discriminatory practice.

## CLAIMS FOR RELIEF

Mr. Sanders respectfully requests this Honorable Court to grant the following relief:

1. Enter a judgment in favor of Plaintiff and against Defendant for compensatory damages.

2. Enter a judgment in favor of Plaintiff and against Defendant for punitive damages.

3. Assess reasonable attorney's fees and costs of suit in favor of Plaintiff and against Defendant.

4. Enter a declaratory judgment that Defendant violated Plaintiff's rights under the laws of the United States.

5. Grant Plaintiff such other and further relief as the nature of his cause may warrant.

6. Plaintiff James Sanders demands a jury trial on all claims.


Respectfully submitted,

*Gerardine M. Delambo*
Gerardine M. Delambo
Attorney at Law
705 Deepdene Road
Baltimore, Maryland 21210
410-433-1132
Fax: 443-817-0674
Sparky4242@comcast.net

Attorney for Plaintiff

IN THE CIRCUIT COURT FOR
BALTIMORE CITY, MARYLAND

JAMES SANDERS
3006 Glen Avenue
Baltimore, Maryland 21215

    Plaintiff

    v.

NORTHWEST CITIZENS PATROL, INC.
PO BOX 15126
Baltimore, Maryland 21282

    Serve On:
    HARRIS WHITE
    6102 Biltmore Avenue
    Baltimore, Maryland 21215
    Resident Agent

    Defendant                        Case No.:

## PRAYER FOR A JURY TRIAL

Plaintiff, James Sanders, by undersigned counsel, makes this prayer for a jury trial for his complaint against his former employer, Northwest Citizens Patrol, Inc. (NWCP).

Respectfully submitted,

*/s/ Gerardine M. Delambo*
Gerardine M. Delambo
Attorney at Law
705 Deepdene Road
Baltimore, Maryland 21210
410-433-1132
Fax: 443-817-0674
Sparky4242@comcast.net

Attorney for Plaintiff